**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MAXMILLIAN SLOLEY,**

        **Plaintiff,**

    - v -                                                     **Civ. No. 1:17-cv-68 (TJM/DJS)**

**JAMES LEBOW, individual and official capacity;**
**LEBOW AND ASSOCIATES, individual and**
**official capacities,**

        **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

This case appeared on the Court's dismissal calendar because Plaintiff had not effectuated service of the complaint on the Defendants in the time required by the Federal Rules of Civil Procedure. *See* Dkt. # 22. Plaintiff opposed the Court's motion, indicating that he is an incarcerated individual proceeding *pro se* with an understanding that the United States Marshal was responsible for effectuating service on Defendants. *See* Pl. Opp., Dkt. # 24; *see also* 05/04/17 Order, Dkt. # 10 (granting Plaintiff *in forma pauperis* status and directing the Clerk to forward summonses along with copies of the Order, the complaint, and a packet containing General Order 25 to the United States Marshal for service upon Defendants). The record indicates that the United States Marshal twice

1

attempted service upon Defendants at the New York addresses provided by Plaintiff, but this process was returned unexecuted each time. *See* Dkt. # 13, # 20, # 21.  Although it is Plaintiff's responsibility to provide the United States Marshal with accurate addresses, Plaintiff's correspondence as recently as April 18, 2018 provides no indication he is aware of accurate addresses for Defendants.  Nevertheless, Court personnel identified through an Internet search the following potential addresses for Defendants:

James Lebow, 967 Memorial Village Drive, Houston, TX 77024-4434,

Lebow and Associates, PLLC,  25 Gage Ct., Houston, TX 77024-4409.

Inasmuch as it appears that neither Defendant could be located at the New York addresses provided by Plaintiff, it is understandable that the United States Marshal could not execute service upon them.  The Court will also presume that Plaintiff, being incarcerated, was unable to find alternative addresses for Defendants.  This constitutes good cause for failure to timely execute service upon Defendants.

## II.   CONCLUSION

Because good cause exists for the failure to timely execute service of process upon Defendants, the Court's dismissal motion, Dkt. # 22, is **DENIED**.

The Clerk is directed to issue summonses and forward them, along with copies of this Decision and Order, the 05/04/17 Order (Dkt. # 10), the complaint, and a packet containing General Order 25, to the United States Marshal for service upon Defendants at the following addresses:

James Lebow, 967 Memorial Village Drive, Houston, TX 77024-4434,

Lebow and Associates, PLLC,  25 Gage Ct., Houston, TX 77024-4409.

2

Plaintiff's Letter Motion [Dkt. # 25] seeking a status update of service of process is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated:  May 23, 2018

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge