**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MAXMILLIAN SLOLEY,

                         Plaintiff,

         - v -                                      Civ. No. 1:17-CV-068
                                                              (TJM/DJS)

JAMES LEBOW and LEBOW &
ASSOCIATES, PLLC

                         Defendants.

**APPEARANCES:**                                **OF COUNSEL:**

MAXMILLIAN SLOLEY
Plaintiff *Pro Se*
17-A-0421
Clinton Correctional Facility - Annex
P.O. Box  2002
Dannemora, NY 12929

JAMES LEBOW
Defendant *Pro Se*
967 Memorial Village Drive
Houston, TX 77024

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

       On January 23, 2017, Plaintiff Maxmillian Sloley commenced a legal malpractice action against his lawyers arising from a civil rights action that was pending for a period of time in the Northern District of New York. Dkt No. 1, Compl. In particular, Plaintiff alleges that his attorneys discontinued that § 1983 action without his consent. Compl. at ¶ 8. Listed

as Defendants in the action are Attorney James LeBow, as well as, the law firm of LeBow & Associates, PLLC. Some delay in the service of the Complaint was occasioned by the fact that Mr. LeBow had relocated to Texas and was no longer practicing in the State of New York. *See* Dkt. No. 27, Dec. & Order. Once service was effectuated, an Answer was interposed on behalf of both Attorney LeBow as well as the Professional Limited Liability Corporation, LeBow & Associates. Dkt. No. 33.

At the initial Rule 16 conference held on September 26, 2018, it was clarified that Mr. LeBow was a retired attorney and no longer admitted to practice in the Northern District of New York, and that he was appearing *pro se.* However, Mr. LeBow also indicated his desire to represent and appear for LeBow & Associates, PLLC, which was a Limited Liability Corporation, of which he was the only member.

Based on Second Circuit precedent, it is clear that a corporation, because of its unique legal status, can only be represented by an attorney, and cannot simply be represented by a *pro se* officer, director, or member. *Comprehensive Mfg. Assocs., LLC v. SupplyCore Inc.*, 2017 WL 2693508, at *2 (N.D.N.Y. May 24, 2017), *report and recommendation adopted*, 2017 WL 2693553 (N.D.N.Y. June 22, 2017). ("While a corporation is a legal entity, it is also an artificial one, existing only in the contemplation of the law; it can do no act, except through its agents. Since a corporation can appear only through its agents, they must be acceptable to the court; attorneys at law, who have been admitted to practice, are officers of the court and subject to its control.") (quoting *Brandstein v. White Lamps*, 20 F. Supp. 369,

370 (S.D.N.Y. 1937)). Although Attorney LeBow expressed his desire to represent the Corporation, the records of the District Court for the Northern District indicate that he was last admitted in 2015, at which point he was removed from the roll of active attorneys in this District. In light of this, I directed that an attorney appear on behalf of the Corporation and file a separate answer by October 3, 2018. *See* Text Minute Entry dated Sept. 26, 2018. That time period has now passed without such an answer having been filed, or an attorney appearing on behalf of the PLLC. At the most recent telephone conference with the parties, Mr. LeBow indicated that there simply were not sufficient funds available to hire counsel for the Corporation.

In light of the foregoing, is hereby recommended that the Answer that was initially filed on behalf of the Corporation, by Mr. LeBow in a *pro se* status, be stricken from the record, and that the Defendant LeBow & Associates, PLLC, be found in default. *See Allstate Ins. Co. v. Lopez*, 2016 WL 11096618, at *3 (E.D.N.Y. Feb. 25, 2016), *report and recommendation adopted sub nom. Allstate Ins. Co. v. Irage Yehudian, M.D.*, 2016 WL 4129104 (E.D.N.Y. Aug. 2, 2016) ("Where a corporation has failed to appear through counsel, contrary to a district court order, it is appropriate to enter default judgment against it.").

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Answer for Defendant Lebow & Associates, PLLC

(Dkt. No. 33) be stricken[1], and that the Clerk be directed to enter default on the part of the Corporation; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: October 29, 2018
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] The Answer filed on behalf of Defendant LeBow individually remains.

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).