UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**MAXIMILLIAN SLOLEY,**

                        **Plaintiff,**

    v.                                                                1:17-CV-68
                                                                             (TJM/DJS)

**JAMES LEBOW, Individually and in his Official
Capacity, and LEBOW AND ASSOCIATES,**

                        **Defendants.**
_____

**Thomas J. McAvoy,
Sr. U.S. District Judge**

## DECISION & ORDER

Plaintiff filed a Complaint in this action on January 23, 2017. See dkt. # 1. He alleged that in November, 2012, he signed a retainer agreement with Defendant James LeBow and LeBow & Associates. Id. at ¶ 5. LeBow & Associates then filed a civil suit in the United States District Court for the Northern District of New York on Plaintiff's behalf. Id. at ¶¶ 6-7. Plaintiff alleged that Defendant James LeBow dismissed this suit in February 2014 without Plaintiff's knowledge or permission. Id. at ¶¶ 8-9. In dismissing his suit without permission, Plaintiff alleged, LeBow & Lebow and Associates "breached their fiduciary duty due to misrepresentation and fraud." Id. at ¶ 13. Plaintiff sought $1 million in compensatory damages and $1 million in punitive damages.

Plaintiff, an inmate, had difficulty serving his Complaint. The Court eventually

1

issued a Court motion for dismissal, noting that Plaintiff had failed to serve the Complaint on either Defendant for an extended period. See dkt. # 22. The Court found, however, that the delay was excusable, in part because the Plaintiff had listed the wrong address for the Defendants, and denied the dismissal motion. See dkt. # 27. Defendants actually had a proper address for service in Texas. Id.[1] The Court directed the United States Marshals Service to serve the Complaint on the Defendants at the proper address. Id.

The Marshals then served Defendants. See dkt. # 30. Defendants filed an answer on July 26, 2018. See dkt. # 33. Proceeding *pro se*, Defendant James LeBow filed an answer on his own behalf and on behalf of Defendant LeBow & Associates. Id. On October 29, 2018, Magistrate Judge Stewart issued a Report-Recommendation that recommended that Defendant LeBow & Associates answer be stricken because a *pro se* party may not represent a corporation in federal court. See dkt. # 43. Magistrate Judge Stewart also recommended that default be entered against that Defendant. Id. The Court adopted that recommendation on December 12, 2018 and struck the answer of Defendant LeBow & Associates. See dkt. # 47. Pursuant to the Court's direction, the Clerk of Court entered default against LeBow & Associates. See dkt. # 48.

On December 19, 2018, Plaintiff filed a motion for default judgment, which is presently before the Court. See dkt. # 50. Plaintiff seeks compensatory damages of $50,000 and punitive damages of $100,000. Plaintiff provides no bases for these damages and no documentary evidence to support his claims. The amount at issue here is not a sum certain; Plaintiff's damages appear to be based on the damages Plaintiff

---

[1]Plaintiff, a New York resident, had originally named the Defendants as New York residents. Court research indicated that the Defendants were actually residents of Texas.

believes he would have obtained from the lawsuit for unlawful arrest that underlies this matter had it been resolved in Plaintiff's favor.

Before the Court could resolve that matter, Plaintiff filed an Amended Complaint. See dkt. # 53. He named both LeBow and LeBow & Associates as Defendants. Id. at ¶¶ 2-3. The Amended Complaint adds factual allegations concerning the underlying false arrest but maintains the same causes of action. See id. at ¶¶ 14-18. Plaintiff continues to seek compensatory damages of $1 million and an additional $1 million in punitive damages. Id. He also provides correct Texas addresses for the Defendants.

Federal Rule of Civil Procedure 15(a)(1)(B) provides that a party may amend a pleading "once as a matter of course within . . . (B) . . . 21 days after service of a responsive pleading[.]" FED. R. CIV. P. 15(a)(1)(B). Plaintiff's Amended Pleading is untimely under this Rule. The Federal Rules provide, however, that a party may amend a pleading at other times, but "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely grant leave when justice so requires." Id. "This mandate that leave to amend be freely given is to be heeded." Roloff v. Arabian American Oil Co., 421 F.2d 240, 424 (2d Cir. 1970). A court may deny leave to amend for "undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party." State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) (citing Forman v. Davis, 371 U.S. 178, 182 (1963)). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a proper basis for a district court to deny the right to amend." Id. at 856.

Because the Plaintiff proceeds *pro se*, the Court will treat the instant Amended Complaint as a motion for leave to amend. Further, the Court finds that under the

3

circumstances justice requires permitting Plaintiff to amend his Complaint. The Court finds no undue delay here, since Plaintiff is a prisoner and has had to rely on others for service and has acted promptly in filing motions and other documents with the Court. More important, the Court finds that Defendants will suffer no prejudice from the amendment. James LeBow has answered the Complaint, but no discovery has occurred while service issues with LeBow & Associates were addresed. As to LeBow & Associates, allowing an Amended Complaint naming the firm as a defendant will moot any entry of default and permit LeBow & Associates to find counsel and contest Plaintiff's claims. Amending the Complaint will permit LeBow & Associates to avoid default judgment. Finally, allowing amendment of the Complaint cures a deficiency on the face of the pleading: as filed, the Complaint does not raise a federal claim, the parties are not diverse and federal jurisdiction is lacking. The Amended Complaint has complete diversity, with a Plaintiff from New York and Defendants from Texas, and the amount in controversy well exceeds $75,000. See 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between–(1) citizens of different States[.]").

Accordingly, the Court will treat the Amended Complaint, dkt. # 53, as if it contained a motion for leave to file an amended complaint. The Court will GRANT that motion. Because an Amended Complaint has been filed naming LeBow & Associates, the Court will also STRIKE the Court's entry of default against Defendant LeBow & Associates. See dkt. # 48. Finally, the Court will DENY Plaintiff's motion for default judgment, dkt. # 50, as moot. Defendant James LeBow shall answer or otherwise respond to the Amended

4

Complaint within 21 days of the date of this Order. The Clerk is directed to issue a summons, and forward it, along with a copy of this Decision and Order, the Amended Complaint, dkt. # 53, and a packet containing General Order 25, to the United States Marshal for service upon Defendant LeBow & Associates, PLLC, 25 Gage Ct., Houston, TX 77024-4409. LeBow & Associates shall answer or otherwise response to the Amended Complaint within 21 days of the date of service.

_____
Thomas J. McAvoy
Senior, U.S. District Judge

**IT IS SO ORDERED.**

Dated: April 12, 2019

5