**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MAXMILLIAN SLOLEY,**

               **Plaintiff,**

    v.                                                                              1:17-CV-68
                                                                                    (TJM/DJS)

**JAMES LEBOW, Individually and in his Official**
**Capacity, and LEBOW AND ASSOCIATES,**

               **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


### ORDER

This case arises out of an agreement between Plaintiff Maximillian Sloley and Defendants James LeBow and LeBow and Associates, a law firm. Plaintiff alleges that he hired Defendants to file a civil complaint in this District. Defendants filed suit, but then dismissed the action without his knowledge or consent. Plaintiff contends that Defendants "breached their fiduciary duty due to misrepresentation and fraud" by dismissing his suit without his consent. He seeks $1 million in damages. Plaintiff is a prisoner held by the New York State Department of Corrections and Community Supervision ("DOCCS").

Discovery in this matter has now closed. On March 2, 2020, the Court informed the parties that all pretrial deadlines have expired and the case had been deemed trial ready. See dkt. # 91. The Court informed the parties that, as Plaintiff was incarcerated, "the

1

Court intends to issue an order administratively closing the case until such time the plaintiff is able to secure his appearance at trial, which shall include the plaintiff's obligation to pay all costs in advance related to producing him at trial." Id. The Court directed Plaintiff to notify the Court by March 20, 2020 "if he is able to pay the costs associated with producing him at trial." Id. Defendant informed the Court in a letter dated March 9, 2020, that he was not able to pay for transit. See dkt. # 92. The Court then ordered that the case be statistically closed. See dkt. # 93.

On March 24, 2021 Plaintiff wrote this Court regarding the order closing the case. See dkt. # 98. Plaintiff asks the Court to reconsider its decision to close the case. When a party files a motion for reconsideration, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple[.]'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 41 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)).

The Court finds that the order closing the case constituted clear error of law. Plaintiff is a prisoner held by New York State. New York law provides that:

> (b) Where the inmate is permitted in accordance with any other law to proceed with the action or proceeding as a poor person the expense of transporting the inmate to, or lodging or guarding him at any place other than in a state correctional institution or any other expense relating thereto shall be a state charge; provided, however, that where an inmate has been granted such permission and a recovery

> by judgment or by settlement is had in his favor, the court may direct him to pay out of the recovery all or part of any sum expended by the state.

NY Civil Rights Law § 79(3)(b).  The Court here granted Plaintiff permission to proceed *in forma pauperis*.  See dkt. # 10.  Under those circumstances, Plaintiff's custodian has agreed to pay the costs for transporting him to court, though the State may seek to recover costs should Plaintiff prevail at trial.  The Court's reason for closing the case–that Plaintiff could not provide the funds necessary to secure his presence at trial–is therefore moot.[1]

The Court will therefore GRANT the Plaintiff's motion for reconsideration, dkt. # 98.  The Clerk of Court is directed to REOPEN the case.  The Court notes that there appear to be open discovery issues in this matter.  As such, the Court will REFER the matter to Magistrate Judge Daniel J. Stewart for further proceedings, as appropriate.

**IT IS SO ORDERED.**

Dated: April 9, 2021

---

[1] The Court offers no opinion on whether issuing a *writ of habeas corpus ad testifcandum* would be appropriate in the matter.  As a general matter, a plaintiff in a civil case does not have a constitutional right to attend the trial.  Courts apply a number of factors in determining whether to order that a plaintiff be physically present for trial.  See Stone v. Morris, 546 F.2d 730, 735-36 (2d Cir. 1976) (In deciding whether a prisoner who is a plaintiff in a civil case should be allowed to attend the trial in his case "the district judge should take into account the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition.").  The present global health crisis and the availability of alternative means for the Plaintiff to participate in the trial could also play a role in this determination.  The Court will consider that issue at an appropriate time.

_____
Thomas J. McAvoy
Senior, U.S. District Judge

4