UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SLOLEY v. LEBOW, et al.
17-cv-68



1) Motion for reconsideration of Writ of Habeas Corpus Ad Testificandum.

2) Motion to object to the Court's denial of Writ if the Court refuses to reconsider and allow Plaintiff to be physically present for trial, and to preserve this issue for appellate review.

---

Court,

The Court's denial of giving the Plaintiff the opportunity to be physically present during his jury trial is a prejudicial disadvantage that will hinder the Plaintiff's case. This denial is also biased, arbitrary, and egregious, due to the fact that the Plaintiff was recently granted a Writ to be physically present during another jury trial in the United States District Court for the Northern District of New York in Albany on August 29, 2022. To be excluded from being physically present is totally inadequate, insufficient, and unfair to the Plaintiff. Even though the Plaintiff does not have a Constitutional right to be physically present at a civil trial, he does have a Constitutional right to meaningful representation. And a denial of this Writ is clearly a violation of that right. The Northern District Courts have already stated that a videoconference trial is unworkable due to difficulties of picking a jury, questionong witnesses, marking and examining documents, and providing for private consultation between Plaintiff and counsel, (Dorsey v. Venard, 15-cv-859, WL8732 110, 2018, NDNY), (Bacon v. United States, 1-cv-1688, 2007 WL778412, NDNY), (Ayuso v. Amerosa, 5-cv-163, NDNY). These same courts that granted and issued the Writ is going to deny the Plaintiff? This makes no sense. The UnitedStates Supreme Court recommends for a Writ be issued, (Pennsylvania Bureau of Corrections v. US Marshalls Service, 474 US 34). The United States Court of Appeals for the Second Circuit also recommends this practice, (Rivera v. Santirrocco, 814 F.2d 859). If all these courts made prior deciding cases to support this, then why am I being denied? The Constitution gives me the right to Equal Protection. I have the right to be treated fairly and equally just like the other Plaintiffs that were granted their Writ to be produced to court. This is a jury trial, so that clearly means that Davidson v. Desai, does not apply because that was/is a bench trial case. This is clearly a biased and prejudicial decision that will harm the Plaintiff's case and make things unworkable, if not impossible. Which are words of the Judges of the Northern District of New York. A denial is clearly a violation

of the Plaintiff's Constitutional rights to meaningful representation and Equal Protection. The United States Supreme Court, The United States Court of Appeals for the Second Circuit, and also The United States District Court of the Northern District of New York all agree and support issuance of a Writ to produce the Plaintiff to be physically present during a jury trial. This case is no different than that of the other cases that they granted the Writ. This case clearly and obviously requires and warrants the Plaintiff to be physically present during trial by a jury.

    This motion is requesting a reconsideration of the Court's prior denial to order the Plaintiff to be physically present during trial.
    In any event that the Court refuses to reconsider, and grant the issuance of the Writ, this motion is also an objection to that decision on the record to preserve this issue for appellate review.

Date: 8-5-2022

Thank You,
X *H. Sloley*
Maxmillian Sloley
17-A-0421
Box 338
Napanoch, NY 12458

EASTERN NY CORRECTIONAL FACILITY
BOX 338
NAPANOCH, NEW YORK  12458-0338

NAME: Maxmillian Sloley   DIN: 17A0421

ALBANY NY 120
8 AUG 2022 PM 1 L
EASTERN
CORRECTIONAL FACILITY

NEOPOST
08/08/2022
US POSTAGE $000.57⁰

ZIP 12458
041M11463363

Legal Mail

U.S. DISTRICT COURT
JOHN M. DOMURAD, CLERK
AUG 10 2022
RECEIVED

United States
District Court Clerk
P.O. Box 7367
100 S. Clinton Street
Syracuse, NY 13261
13261-610099

Legal Mail